CA No. 18-99001

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAUNO WAIDLA,<br><br>        Petitioner-Appellee,<br><br>v.<br><br>RON DAVIS, Warden,<br><br>        Respondent-Appellant. | D.C. No. 2:01-cv-650-AG<br><br>Central District of California,<br>Los Angeles<br><br>**<u>DEATH PENALTY CASE</u>** |

**RESPONSE TO APPELLANT'S PETITION FOR PANEL REHEARING**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE ANDREW J. GUILFORD
United States District Judge

                                          CUAUHTEMOC ORTEGA
                                          Federal Public Defender
                                          MARTA VANLANDINGHAM
                                          Email: Marta_VanLandingham@fd.org
                                          KATHERINE FARKAS
                                          Email: Kathy_Farkas@fd.org
                                          Deputy Federal Public Defenders
                                          321 East 2nd Street
                                          Los Angeles, California 90012-4202
                                          Telephone:  (213) 894-2854
                                          Facsimile:   (213) 894-0081

                                          Attorneys for Petitioner-Appellee
                                          TAUNO WAIDLA

**TABLE OF CONTENTS**

                                  **Page**

I.  INTRODUCTION ................................................................................................1

II.  ARGUMENT.......................................................................................................2

   A.  Respondent-Appellant has presented no evidence of error in this Court's opinion......................................................................................2

   B.  The Court correctly held that Respondent-Appellant forfeited any objection to the district court granting relief without holding a new evidentiary hearing. ....................................................................6

   C.  Respondent-Appellant's evidentiary objections were substantively addressed by the Court and rejected....................................................8

III.  CONCLUSION..................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bemore v. Chappell*,
  788 F.3d 1151 (9th Cir. 2015) ...................................................................7

*Browder v. Director, Dep't of Corrections*,
  434 U.S. 257 (1978) ..................................................................................7

*Coleman v. Mitchell*,
  268 F.3d 417 (6th Cir. 2001) ....................................................................7

*Frantz v. Hazey*,
  533 F.3d 724 (9th Cir. 2008) ............................................................3, 7, 8

*Hitchcock v. Dugger*,
  481 U.S. 393 (1987) ..................................................................................7

*James v. Ryan*,
  679 F.3d 780 (9th Cir. 2012) ....................................................................7

*Noguera v. Davis*,
  5 F.4th 1020 (9th Cir. 2021) .................................................................7, 8

*Robinson v. Schriro*,
  595 F.3d 1086 (9th Cir. 2010) ..................................................................7

*Strickland v. Washington*,
  466 U.S. 668 (1984) ..................................................................................6

*United States v. Mageno*,
  786 F.3d 768 (9th Cir. 2015) ....................................................................6

*Williams v. Jones*,
  583 F.3d 1254 (10th Cir. 2009) ..............................................................11

**Federal Statutes**

28 U.S.C. § 46 .............................................................................................11

28 U.S.C. § 2254 ......................................................................................3, 7

## TABLE OF AUTHORITIES

**Page(s)**

**Other Authorities**

FRAP Rule 40 ................................................................................................6, 11

*Waidla v. Davis*, oral argument
 https://www.youtube.com/watch?v=ypX5yDZTxpU&t=1s .........................1, 2, 3

## I. INTRODUCTION

In its per curiam opinion of May 5, 2023,[1] this Court affirmed the district court's grant of habeas relief on Waidla's claim of ineffective assistance of counsel ("IAC") at the penalty phase. (Dkt. 91 at 48.) The Court based its affirmance on "the jury's uncertainty, the extremely minimal mitigation evidence originally presented, and the missed opportunity to rebut various aspects of the State's aggravation argument, which was itself modest." (*Id.* at 37.)[2] The State, however, is asking this Court to reopen and rehear this case on the basis of what it claims is an error by this Court in its finding that the State waived an objection to an issue discussed in a footnote. (Dkt. 92 ("PFR") at 3 *et seq.*, citing dkt. 91 at 29 n.1.)

The footnote at issue here was appended to a section of the opinion analyzing the admissibility of the evidence presented at the state court with regard to one of Waidla's four subclaims for IAC-penalty relief regarding trial counsel's

---

[1] Ninth Circuit case 18-99001, docket 85; corrected opinion entered May 31, 2023, docket 91, with a correction not relevant to this inquiry. Though *Waidla v. Davis* is docketed in this Court under two case numbers (18-99001 and 18-99002), citations herein will only refer to entries in case 18-99001, wherein Waidla is appellee, as the State is challenging only a portion of the Court's opinion relevant to the outcome of the penalty-phase decision.

[2] In light of the affirmance of penalty phase relief on IAC grounds, the Court did not need to reach the question of whether Waidla was deprived of due process at the penalty phase by the State's presentation of false evidence against him. (Dkt. 91 at 37.) This unresolved issue would likely need to be addressed should the Court grant the State's PFR and revisit its affirmance of penalty phase relief.

1

failure to present evidence of Waidla's good behavior in custody (*see* dkt. 56 at 3152). But the Court's finding of waiver applied to any objection the State might have made as to the district court's procedure in granting relief without first holding an evidentiary hearing. In the Court's words, "the State has forfeited any objection that the district court erred by granting relief based on the evidence submitted in support of Waidla's petition rather than evidence adduced in a new evidentiary hearing." (Dkt. 91 at 29 n.1.) Instead of providing any proof, or even attempting to provide any proof, that the Court erred in finding this waiver, the State merely presents again its prior arguments that the evidence supporting this one subclaim of IAC should have been found inadmissible.

Because this Court did not err in finding the State waived any objection on appeal to the district court's grant of relief on the basis of the state-court record, Respondent-Appellant's petition for rehearing should be denied.

## II. ARGUMENT

### A. Respondent-Appellant has presented no evidence of error in this Court's opinion.

At oral argument, this Court expressed interest regarding the district court's analysis of Waidla's IAC penalty claim.[3] The district court granted habeas relief

---

[3] Judge Watford asked counsel for Waidla "[W]hy, in this posture, the result of your winning results in the grant of relief, right, as opposed to some further proceedings…" (Oral argument ("Arg.") at 33:23, *Waidla v. Davis*, 18-99001, https://www.youtube.com/watch?v=ypX5yDZTxpU&t=1s.) Counsel responded

2

explicitly on the basis of the evidence presented to the state court in Waidla's first habeas petition (1-ER-29, 1-ER-201–202), instead of separating its finding that the state's determination was unreasonable under § 2254(d) from a subsequent de novo review of the constitutional claim. As summarized in its opinion, "Typically, upon finding that a state court decision violated 28 U.S.C. § 2254(d), the federal habeas court undertakes *de novo* review of the claim before granting relief. *See Frantz v. Hazey*, 533 F.3d 724, 737 (9th Cir. 2008) (en banc). The district court did not explicitly conduct *de novo* review." (Dkt. 91 at 29 n.1.) Though Waidla had argued, in his briefs and at oral argument, that Supreme Court law and this Court's practice allow for a simultaneous finding that § 2254(d) does not bar relief and that § 2254(a) mandates relief, the State never countered that argument, either in its briefs or during argument. Thus, because "[o]n appeal, the State takes issue only with the district court's § 2254(d) analysis. . . , the State has forfeited any objection that the district court erred by granting relief based on the evidence submitted in support of Waidla's petition rather than evidence adduced in a new evidentiary

---

that the district court had, in fact, held an evidentiary hearing, including on the claim of IAC-penalty. (*Id.* at 33:50.) Judge Wardlaw noted that the district court explicitly stated it was disregarding all evidence from that hearing in granting relief. (*Id.* at 34:48.) Judge Watford again expressed concern as to this posture, stating that, as the state-court record alone provided "the basis on which the district court granted your client relief, not granted some further proceedings … You were given an outright win on the penalty phase. That just strikes me as odd. I grant, I agree with you that our cases seem to allow it." (*Id*. at 36:56.) This issue was not, however, addressed at argument by counsel for Respondent-Appellant.

3

hearing." (Dkt. 91 at 29 n.1.) The Court held that, whether or not the district court should more properly have taken evidence from an evidentiary hearing into account before granting relief, the issue was mooted by the State's failure to object.

The State in its petition for rehearing, however, misapprehends that finding. It introduces its PFR by referring to this Court's opinion, alleging that it "erred in concluding that the State had forfeited any objection that the district court erred by granting relief based on the evidence submitted in support of Waidla's petition rather than the evidence that was developed at the federal evidentiary hearing." (PFR at 1.) But the State does not provide any evidence at all that it ever objected on appeal to the district court determining Waidla's right to relief on the basis of the evidence before the state court. Instead, the State rehashes its arguments, rejected by both the district court and this Court, that the evidence presented by Waidla in support of one of his subclaims was not admissible or "competent" evidence.

Respondent-Appellant begins his actual argument by misconstruing the finding of the Court. It alleges that "the majority erred in concluding the State waived any objection that the [sub]claim failed due to a lack of competent evidence presented in federal court in support of it." (PFR at 5.) That was *not* the waiver the Court found. But this invented finding that the State alleges to be erroneous forms the basis for the entirety of the PFR.

4

The State goes on to support its misdirected argument by recourse almost entirely to the following quote from its first brief on cross-appeal:

> But even if the district had not erred repeatedly in reaching its conclusion that Waidla had satisfied his burden under § 2254(d), that was not the end of the inquiry. Demonstrating an unreasonable denial of relief simply permits examination of the merits of the claim. To prove entitlement to relief, *Waidla was obligated to prove, with admissible evidence*, that he was well behaved in custody. He never did. *Never did he even submit a declaration, let alone present actual admissible testimony, from any state or county custody official confirming that Waidla was a well-behaved inmate*. Such evidence was crucial to a determination that trial counsel rendered deficient performance for failing to present such evidence. Without it, *there was no admissible evidence to prove the claim*. Thus, even if the district court had correctly concluded that § 2254(d)(1) was satisfied, *there is no evidentiary basis upon which the district court could competently conclude that Waidla's claim of being well-behaved was true*.

(PFR at 6-7; emphases in PFR.) Every statement in this paragraph, every sentence and clause emphasized by the State as proof that the Court erred in finding waiver, goes solely and directly to its arguments about the competency and admissibility of evidence supporting Waidla's subclaim regarding his good behavior in custody.

Nothing in the State's petition addresses this Court's finding that the State forfeited an objection to the procedures and order in which the district court analyzed the penalty claim. It merely reargues the sufficiency and admissibility of some of the evidence supporting one of the four subclaims. And such reprisal of arguments already raised and rejected by the courts does not constitute a basis for

5

panel rehearing under FRAP Rule 40. *See United States v. Mageno*, 786 F.3d 768, 775 (9th Cir. 2015) ("a petition for rehearing is not a vehicle for a party to 'study and reargue his case anew.'") (quoting *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962).

**B.    The Court correctly held that Respondent-Appellant forfeited any objection to the district court granting relief without holding a new evidentiary hearing.**

As Waidla argued in his second brief on cross-appeal (dkt. 56)—not in response to the State's initial brief but in the interest of thoroughness—the district court's grant of relief on Waidla's IAC-penalty claim on the basis of the state-court record was proper, as would be this Court's affirmance of that grant. In his brief Waidla discussed how the district court reviewed the evidence Waidla had presented to the state court, and found trial counsel's deficient performance clearly prejudicial. (1-ER-218.) As the denial of the claim by the California Supreme Court ("CSC") represented an unreasonable application of clearly established federal law, and, even just on the record before the state, trial counsel provided ineffective assistance per *Strickland*[4] and its progeny, the district court could and did grant relief. (*See* dkt. 56 at 62.)

Waidla then demonstrated that this Court and other federal courts have granted relief on the basis of the state-court record without first granting an

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

6

evidentiary hearing. *Frantz v. Hazey*, 533 F.3d 724, 739 (9th Cir. 2008), held that, after analyzing a state court's reasoning in light of § 2254(d), the federal court should conduct separate de novo review "unless that identification [of state-court error] necessarily means that the state court's determination of the ultimate constitutional or legal question is also wrong." Thus, when the error reaches both the issue of unreasonable application of clearly established federal law under § 2254(d) and violation of federal constitutional rights under § 2254(a)—as it did here—a grant of relief without additional evidence is warranted. Waidla discussed numerous instances of this and other courts proceeding in this manner in his brief. (Dkt. 56 at 31, 63-64, discussing grants of relief without hearings in *Hitchcock v. Dugger,* 481 U.S. 393 (1987); *Robinson v. Schriro*, 595 F.3d 1086 (9th Cir. 2010); *James v. Ryan*, 679 F.3d 780 (9th Cir. 2012), *Bemore v. Chappell*, 788 F.3d 1151 (9th Cir. 2015); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257 (1978). In addition, since Waidla briefed this issue, the Ninth Circuit has affirmed a district court's grant of habeas relief without an evidentiary hearing, after reviewing under the applicable abuse of discretion standard. *See Noguera v. Davis*, 5 F.4th 1020 (9th Cir. 2021) ("We conclude that the district court's grant of habeas relief without an evidentiary hearing was not an abuse of its discretion and that remand for a hearing is not

7

necessary. The State repeatedly argued in the district court that no evidentiary hearing was warranted.").

As discussed above, the Court raised this issue with counsel for Waidla during oral argument. (Arg. at 32:23-37:38.) Counsel responded with reference to *Frantz* and to this Court's practice. (*Id.*) But Respondent-Appellant never addressed this issue, in briefing or in argument. Thus, while the Court could have ruled directly that federal law and practice allow for a grant of habeas without an evidentiary hearing, it held instead that the State had waived any objection it might have brought to the district court's grant of relief on the state-court record.

The court's finding of waiver is not in any way erroneous. But, even if it were, and the State had not waived an objection to the district court's grant of relief solely on the record before the state court, such an objection would have been unavailing. Supreme Court law in *Frantz* and cases in this Court have established a precedent for grants of relief without evidentiary hearings, as Waidla demonstrated on appeal and as this Court acknowledged during argument. (*See* Arg. at 37:09 (Judge Watford's statement that "I grant, I agree with you that our cases seem to allow it.").) In this way, too, there is no error to rehear.

**C.  Respondent-Appellant's evidentiary objections were substantively addressed by the Court and rejected.**

As discussed above, the PFR misconstrues this Court's statement regarding the State's waiver of any objection to the district court's process of using the state

8

court record to grant habeas relief. The State focuses its argument on whether it forfeited objections to two of the items of evidence filed by Waidla in support of his IAC subclaim regarding failure to present evidence at trial of good behavior in custody. It is accurate, but irrelevant, that the State did challenge the admissibility of: (1) Waidla's own declaration concerning his good behavior in Los Angeles County Jail, and (2) a report from the California Department of Corrections stating that Waidla was not a disciplinary problem in Los Angeles County Jail and programmed well with other inmates.

This Court did not treat the State's admissibility objections as forfeited; it directly addressed them and found that Waidla had presented sufficient admissible evidence to support this subclaim. The Court found, "even assuming the CDC document is inadmissible heresay[,]" that "Waidla offered enough admissible evidence to show that counsel rendered ineffective assistance." (Dkt. 91 at 28.) Addressing the State's contention that Waidla's declaration was conclusory and self-serving, this Court found that "Waidla's declaration explaining the privileges he accrued in county jail for good behavior may be self-serving, but it is hardly conclusory." (Dkt. 91 at 28 (summarizing details of Waidla declaration).) This Court recognized that Waidla's declaration was corroborated by evidence that is

9

unquestionably admissible[5]—the District Attorney's memo that recommended "seeking the death penalty for Sakarias but not Waidla in part because Waidla, unlike Sakarias, did not face disciplinary action during the first several months of his confinement." (Dkt. 91 at 28-29.) Finally, the Court pointed to other corroborating evidence—"Waidla's lack of criminal history and Dr. [Myla] Young's opinion concerning his nonviolent personality structure." (Dkt. 91 at 29.)

The PFR repeats the State's prior argument that Waidla's showing concerning his good behavior "should be rejected due to the lack of competent evidence supporting it" (PFR at 4-5), but fails to show any error in the Court's detailed analysis concluding that "Waidla offered enough admissible evidence" to establish his right to penalty phase relief (dkt. 91 at 28). The Court's determination that Waidla presented competent evidence of good behavior did not rest on any finding of forfeiture, but instead on the Court's detailed examination of the evidence itself. (Dkt. 91 at 28-29.) The State does not dispute that the district attorney's memo is admissible as a party admission. While the evidence from Waidla and Dr. Young was provided in the form of declarations, this Court recognized that "Waidla's evidence [of his good behavior] apart from the CDC

---

[5] The Court noted, "The State does not argue that the DA memo is inadmissible hearsay and we have previously considered the State's decision to seek or not seek the death penalty against a co-defendant in this context." (Dkt. 91 at 29 (citing *Sanders v. Davis*, 23 F. 4th 966, 994 (9th Cir. 2022).)

document could have been rendered in admissible form." (Dkt. 91 at 29 n.1.) The State has neither presented, nor claimed to possess, any evidence that could cast doubt on Waidla's showing of his good behavior. Nor has it ever disputed Waidla's claim that he did indeed behave well in custody.

The State's reargument "that the claim failed due to a lack of competent evidence presented in federal court in support of it" (PFR at 5) and its request that the Court to reweigh the sufficiency of some of Waidla's evidence in support of a subclaim does not meet the standard to obtain rehearing. The State does not identify any "point of law or fact" that the Court has "overlooked or misapprehended." FRAP Rule 40. Thus, this Court should deny its petition.[6]

### III. CONCLUSION

This Court did not overlook or misapprehend any point of law or fact when it concluded that the State had forfeited an objection to the district court basing its

---

[6] Since the Court issued its opinion, the Honorable Paul J. Watford has retired from the judiciary. Waidla urges the Court to adopt the procedure generally used in circuits outside the Ninth and Federal Circuits, in which panel rehearing is only granted upon a vote of both remaining members of the initial panel. *See, e.g. Williams v. Jones*, 583 F.3d 1254, 1256 n.1 (10th Cir. 2009) (Gorsuch, J. dissenting) (explaining vote for en banc rehearing but not for panel rehearing, given that "a vote among the remaining two panel members would likely result in a tie"). The majority approach is consistent with FRAP Rule 40 in that the members of the original panel are able to assess whether the panel has "overlooked or misapprehended" a point of law or fact. This approach is also consistent with the requirement that "[c]ases and controversies shall be heard and determined by a court or panel of not more than three judges" except where there is a vote for hearing en banc. *See* 28 U.S.C. § 46(c).

11

grant of relief on the evidence submitted in support of the petition rather than holding a new evidentiary hearing. Even if the argument had not been forfeited, under this Court's precedent, a new evidentiary hearing was not required.

The State also fails to identify any error in this Court's analysis of the State's evidentiary objections to some of the evidence supporting one of Waidla's subclaims. It is undisputed that Waidla submitted some admissible evidence of his good behavior while awaiting trial, and the State has never pointed to contrary evidence. Even if this Court were to accept the improper invitation to reweigh the evidence of Waidla's good behavior, it should not reach a different conclusion as to whether defense counsel's multiple failures at the penalty phase were prejudicial.

                                    Respectfully submitted,

                                    CUAUHTEMOC ORTEGA
                                    Federal Public Defender

DATED: August 3, 2023        By *s/ Marta VanLandingham*
                                    MARTA VANLANDINGHAM
                                    KATHERINE FARKAS
                                    Deputy Federal Public Defender

                                    Attorneys for Petitioner-Appellant
                                    TAUNO WAIDLA

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 11. Certificate of Compliance for Petitions for Rehearing/Responses**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 18-99001

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is (*select one*):

○ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words**: _____.

*(Petitions and responses must not exceed 4,200 words)*

**OR**

⦿ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | s/ Marta VanLandingham    **Date** | 08/03/2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 11                                                                                               Rev. 12/01/2021